# United States District Court
## District of South Carolina

| | | |
|---|---|---|
| Jason David Bulsa; | ) | C/A No. 6:05-0296-27BI |
| | ) | |
| Plaintiff; | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | **for Summary Dismissal** |
| WalMart; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jason Bulsa (hereafter, "the Plaintiff") brings a *pro se* civil rights action. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., the matter was referred to the undersigned to review and submit findings and recommendations to the District Court

## BACKGROUND

The Plaintiff states that he was arrested on January 25, 2005, and charged with check fraud. He relates that his checks were stolen in September, 2003. Evidently one of the stolen checks (#578) was presented at a Walmart store in Greenville, South Carolina, as a result of which the Plaintiff contends he was falsely charged.

Less than a year ago, the Plaintiff commenced an action in this Court which, at least in part, claimed that the Defendant had inflicted emotional distress upon him by threats of criminal prosecution. *See Bulsa v. Walmart*, 6:04-1231-20BI (D.S.C. 2004). The action was dismissed without prejudice.

Given the recency of the alleged arrest (January 25, 2005), the undersigned filed an order on February 24, 2005, directing the Plaintiff to answer Special Interrogatories.

The questions were designed to establish the actual status of any pending criminal prosecution. On March 1, 2005, the Plaintiff filed his responses with attachments. He supplied an arrest warrant issued by a Greenville County Magistrate on November, 13, 2003, alleging utterance of the same check (#578). [5-1, Exhibit #1.] The warrant does not reflect that it was ever served on the Plaintiff. More to the point, the Plaintiff has supplied no document regarding an arrest on or about January 25, 2005.

Other questions sought information concerning a possible criminal prosecution now pending. The Thirteenth Judicial Circuit in South Carolina (Greenville and Pickens Counties) maintains a web-site where records of the General Sessions Courts may be accessed.[1]  There is no indication of a pending criminal action against the Plaintiff. The Plaintiff also filed an incident report by the Spartanburg City police revealing that his check book was indeed stolen from his truck in September, 2003. [5-1, Exhibit #4.] The Plaintiff also supplied an "Affidavit of Forgery" which he executed in August, 2004, in which he certified that Check #678 was issued by a per son other than himself.  [5-1, Exhibit #3.]

### *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, *supra*.

---

[1] – See <http://www.13th-judicial-circuit.org>.

Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.   *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ACTION PREMATURE

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332.  An action for violation of civil rights under 42 U.S.C. §1983 is a "federal question" case which means that Congress establishes by statute the basic contours of litigation to enforce its provisions.  "Diversity" jurisdiction requires that the parties be citizens of different states and that the value of the claim exceed a statutory jurisdictional amount.

Although records of South Carolina's Thirteenth Judicial Circuit do not reflect any pending prosecution, the Plaintiff may be presently a defendant in the early stages of a criminal proceeding.  Federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971).   The Plaintiff has failed to allege extraordinary circumstances.

A cause of action for false arrest can indeed arise under 42 U.S.C. § 1983 when

3

a person acting under color of state law employs, for example, material misrepresentations to obtain an arrest warrant in the absence of probable cause. In such circumstances a factual record is usually required to determine if indicia of probable cause in the given case rendered belief in its existence reasonable or unreasonable. *See Gomez v. Atkins*, 296 F. 3d 253 (4th Cir. 2002); *Doe v. Broderick*, 225 F. 3d 440 (4th Cir. 2000).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), however, the United States Supreme Court urged restraint in the adjudication of all such claims:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87.

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale has also been applied to pre-trial detainees and persons awaiting trial. In this regard, the Courts of Appeal in the various Circuits have in a wide variety of cases applied the *Heck* ruling to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d

4

117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997);

*Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Smith v. Holtz*,

87 F.3d 108 (3rd Cir. 1996) (a claim challenging the validity of a future conviction raises

the same concerns as a claim challenging the legality of a conviction and, as a result,

"does not accrue so long as the potential for a judgment in the pending criminal

prosecution continues to exist."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996);

*Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state

litigation must make his stand there rather than attempt the equivalent of federal-

defense removal by filing an independent § 1983 suit."); *Hamilton v. Lyons*, 74 F.3d 99,

102-03 (5th Cir. 1996).

The Plaintiff's belief that his arrest was illegal and unconstitutional is an issue

which the state courts of South Carolina are competent to determine in the course of

their  criminal proceedings.  The United States Court of Appeals for the Fourth Circuit,

in which this Court is located, has directed that federal district courts abstain from

constitutional challenges which have been or could be presented in ongoing state

judicial proceedings.  *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F. 2d 49, 50-53

(4th Cir. 1989).

If the Plaintiff is ultimately convicted, despite his claims of constitutional

violations, his state remedies begin with a direct appeal.  If his direct appeal is

unsuccessful, he can file an application for Post Conviction Relief (PCR) under S.C.

Code Annotated § 17-27-10 through § 17-27-160.  A PCR applicant in South Carolina

may appeal a denial of relief by the Court of Common Pleas through a Petition for Writ

of Certiorari to the South Carolina Supreme Court.  *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

Only after he has exhausted these state remedies can the Plaintiff challenge and collaterally attack a state court conviction in this Court through a petition for writ of *habeas corpus*.  *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975).  Generally, under *Heck*, *supra*, a cause of action under 42 U.S.C. § 1983 accrues only at the point when a conviction is set aside.

The Complaint herein may also suffer from another fatal defect – that is, the sole named Defendant is Walmart.  As a private actor, Walmart is not amendable to suit in this Court because there is no indication of "state action" which is prerequisite for a recovery under 42 U.S.C. § 1983.  The Plaintiff's claims for intentional infliction of emotional distress and/or malicious prosecution are actually governed by the common law of South Carolina.  *See Ford v. Hutson*, 276 S.E. 2d 776 (S.C. 1981);  *Cisson v. Pickens Sav. & Loan Association*, 186 S.E. 2d 822 (S.C. 1972);  *Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E. 2d 693 (S.C. 1967); *Parrott v. Plowden Motor Company*, 143 S.E. 2d 607 (S.C. 1965).  Such claims would be cognizable in this court under the diversity statute, if that statute's requirements were satisfied.  *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791, (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993).  It is not clear from the Plaintiff's Complaint, however, whether he intends to sue Walmart as a foreign corporation, doing business in South Carolina, or the specific store (and its personnel) in Greenville County, South Carolina.  In the latter case, this

Court would probably lack "diversity" jurisdiction in this case.

Even applying liberal construction to the Plaintiff's Complaint, it is appears that his claims have been filed prematurely either as an action upon a "federal question" or for relief in this Court's "diversity" jurisdiction. Because the Plaintiff has failed to clarify these matters it is recommended that this action be dismissed without prejudice or, in the alternative, that the Plaintiff's motion to proceed *in forma pauperis* be denied.

The "privilege to proceed without posting security for costs and fees is reserved for the many truly impoverished litigants, who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Of course, a litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-344 & nn. 5-10 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

Observing that there is no "magic formula" for determining this issue, the United States District Court in the Southern District of Texas developed the following helpful list of factors to be considered:

(1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"

(2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

*See Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D.Tex. 1976), (quoting *Dreyer*

7

*v. Jalet*, 349 F. Supp. 452, 459 (S.D.Tex. 1972) as well as Third and Fifth Circuit cases)

*aff'd*, 479 F.2d 1044 (5th Cir. 1973).

The decision to permit a proceeding under 28 U.S.C. §1915 rests in the sound

discretion of the District Court.  The Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under
> §1915.  *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977).  This discretion, however, is
> limited to a determination of "the poverty and good faith of the applicant and the
> meritorious character of the cause in which the relief was asked."  *Kinney v. Plymouth
> Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).  "In the
> absence of some evident improper motive the applicant's good faith is established by
> the presentation of any issue that is not plainly frivolous."  *Ellis v. United States*, 356
> U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

*Dillard v. Liberty Loan Corp.*, *supra*.  See also *Liles v. South Carolina Dept. of*

*Corrections*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th

Cir.1968).  Under *Ellis*, however, "good faith" allows only for the presentation of issues

that are not plainly frivolous.  The Plaintiff's Complaint at present fails to set forth

meaningfully any claims cognizable in this Court.  Therefore, it is recommended that the

Plaintiff's Motion to proceed *in forma pauperis* be denied.

In effect a denial of *in forma pauperis* status can be the equivalent of an

involuntary dismissal.  In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the United

States Court of Appeals for the Sixth Circuit addressed this specific question and

determined that such a ruling cannot be issued by a magistrate judge upon referral of

pretrial matters (as is the present case):

> Although section 636(b)(1)(A) does not specifically reference a motion to
> proceed in forma pauperis, we conclude that a denial of such a motion is the
> functional equivalent of an involuntary dismissal and is outside the scope of a
> magistrate's authority....A district judge is free to refer a motion for pauper status
> to a magistrate and if the decision is to grant such a motion, the magistrate may
> enter such an order.  If the decision is to deny, however, the magistrate must

8

make such a recommendation to the district judge who will then take final action.
28 U.S.C. § 636(b)(1)(A).

894 F.2d at 187-188 (footnotes omitted).

## **RECOMMENDATION**

It is therefore recommended that the within Complaint be dismissed without prejudice or, in the alternative, that the Plaintiff's motion to proceed *in forma pauperis* be denied.   Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,


s/Bruce H. Hendricks
United States Magistrate Judge

March 8, 2005

Greenville, South Carolina

<u>**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**</u>

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard, supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins, supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
