UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason David Bulsa, | ) | Civil Action No.: 6:05-0296-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| WalMart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Jason Bulsa, brings a *pro se* civil rights action. The plaintiff states that he was arrested on January 25, 2005, and charged with check fraud. He relates that his checks were stolen in September 2003. Evidentially one of the stolen checks was presented at a Walmart store in Greenville, South Carolina, as a result of which the plaintiff contends he was falsely charged with check fraud. Plaintiff commenced a previous action in this court that, at least in part, claimed that the defendant had inflicted emotional distress upon him by threats of criminal prosecution. *See Bulsa v. Walmart*, 6:04-1231-20BI (D.S.C. 2004). That case was dismissed without prejudice.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case has previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). Given the recency of the alleged arrest (January 25, 2005) Magistrate Judge Hendricks filed an order on February 24, 2005, directing the plaintiff to answer Special Interrogatories designed to establish the actual status of any pending criminal prosecution. Plaintiff filed his response on March 1, 2005 and supplied an arrest warrant issued by a Greenville County Magistrate on November 13, 2003, alleging utterance of the same check (#578). Plaintiff has supplied no document regarding an arrest on or

1

about January 25, 2005.  Other questions sought information concerning a possible criminal prosecution now pending.  In her Report, Magistrate Judge Hendricks carefully considers these issues and recommends that the plaintiff's case be dismissed without prejudice or, in the alternative, that the plaintiff's motion to proceed *in forma pauperis* filed January 31, 2005, be denied.  Plaintiff filed objections to the Report on March 16, 2005.

In his objections the plaintiff clarifies that "Defendants are Wal-Mart Corporation, Wal-Mart store in Greenville where Kim Shuler is employee and Kim Shuler/Wal-mart".  He also alleges that the Magistrate Judge was unable to find any records of his current charge because it was a misdemeanor charge rather than a felony charge, which is all that is listed on the Thirteenth Judicial Circuit's General Sessions website.  However, plaintiff does not provide this Court with any further evidence or documentation as to his January 25, 2995 alleged arrest.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff clarifies for this Court that the "Defendants are Wal-Mart Corporation, Wal-Mart store in Greenville where Kim Shuler is employee and Kim Shuler/Wal-Mart.  As discussed more fully in the Report, Wal-Mart, as a private actor, is not amenable to suit in this Court in a 42 U.S.C.

2

§ 1983 action because there is no indication of the prerequisite "state action."

The plaintiff's claims for intentional infliction of emotional distress and/or malicious prosecution are governed by the common law of South Carolina. *See Ford v. Hutson*, 276 S.E.2d 776 (S.C. 1981); *Cisson v. Pickens Sav. & Loan Assoc.*, 186 S.E.2d 822 (S.C. 1972); *Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E.2d 822 (S.C. 1967); *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607 (S.C. 1965). Such claims would be cognizable in this Court under the diversity statue if that statute's requirements are satisfied. 28 U.S.C. § 1332(a)(1). The burden of proof is on the party invoking federal court jurisdiction to establish complete diversity. *Roche v. Lincoln Property Co.*, 373 F.3d 610 (4th Cir. 2004). If this burden is not met, the Court must dismiss the action for want of jurisdiction. *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890 (4th Cir. 1972). The only evidence before the Court as to the residence of Kim Shuler is found in plaintiff's Answers to Rule 26.01 interrogatories, which lists her address as 3027 Wade Hampton Blvd., Taylors, SC 29684. The Court notes that this appears to be the same address as the local Greenville store plaintiff is attempting to sue. Since the plaintiff has failed to provide this Court with evidence that Shuler's domicile is somewhere other then South Carolina, and the record indicates that she appears to live in South Carolina, which is where the plaintiff resides, there is not complete diversity and this Court does not have jurisdiction over this matter. Having made the determination that this Court does not have jurisdiction over the matter, it is not necessary for this Court to address plaintiff's objection relating to the alleged arrest on January 25, 2005.

Alternatively, this Court denies plaintiff's motion to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved for the many truly impoverished litigants, who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them. *Brewster v. North American Van Lines,*

3

*Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  Of course, a litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 337-344 & nn. 5-10 (1948).  Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

The decision to permit a proceeding under 28 U.S.C. §1915 rests in the sound discretion of the District Court.  The Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915.  *Graham v. Riddle*, 554 F. 2d 133 (4 Cir. 1977).  This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915). "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

*Dillard v. Liberty Loan Corp.*, *supra*.  See also *Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th Cir.1968).  Under *Ellis*, however, "good faith" allows only for the presentation of issues that are not plainly frivolous.  The Plaintiff's Complaint at present fails to set forth meaningfully any claims cognizable in this Court.  Therefore, the Plaintiff's Motion to proceed *in forma pauperis* is denied.

For the foregoing reasons, the undersigned adopts the Report as modified by this order, overrules all objections, and **DISMISSES** this action *without prejudice* and without issuance and service of process.  Furthermore, plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Court Judge

May 3, 2005
Florence, South Carolina